UNITED STATES v. ROSENSTEIN et al.

(Circuit Court of Appeals, Second Circuit. February 26, 1894.)

No. 77.

CUSTOMS DUTIES—CLASSIFICATION—"SEELIG'S COFFEE"—CHICORY.

"Seelig's coffee," or "coffee extract," a compound containing about 68 per cent. in weight, and 44 per cent. in value, of chicory, and used as a substitute for, or sometimes as an adulterant of, coffee, is dutiable, as such substitute, under paragraph 321 of the tariff act of 1890, and not, as chicory root, under paragraph 317. 56 Fed. 824, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal by Rosenstein Bros., importers, from a decision of the board of general appraisers, sustaining the action of the collector in the classification of certain imported merchandise. The circuit court reversed the decision of the board, (56 Fed. 824,) and from its decree the government appeals.

Thomas Greenwood, Asst. U. S. Dist. Atty.

Albert Comstock, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. In the year 1891 the appellees, who are partners by the name of Rosenstein Bros., imported into the port of New York sundry invoices of merchandise packed in small paper rolls, invoiced as chicory, and styled on the wrappers, "Emil Seelig's Kaffee," and "Finest Seelig's Coffee." The collector classified the article as "chicory," and assessed a duty thereon at two cents per pound, under the provisions of paragraph 317 of the tariff act of October 1, 1890. That paragraph is as follows: "Chicory root, burnt or roasted, ground or granulated, or in rolls, or otherwise prepared, and not specially provided for in this act, two cents per pound." The importers protested that the goods should have been classified under paragraph 321 of the same act, which reads as fol-

lows: "Dandelion root and acorns prepared, and other articles used as coffee, or as substitutes for coffee, not specially provided for in this act, one and one-half cents per pound." The board of general appraisers sustained the action of the collector. New testimony was taken, the circuit court reversed the decision of the board of appraisers, and thereupon the United States appealed to this court.

The board of general appraisers found that the article was a preparation of which chicory is the chief component part in quantity and value, invoiced as "chicory," and known, commercially, either as "coffee extract," "Seelig's coffee," and "chicory;" that it is probably true that it is a substitute for coffee, and that it is chicory, ground, granulated, or otherwise prepared. The testimony upon which the board relied is not contained in the record. The additional testimony which was taken shows that their finding was erroneous in some particulars. The merchandise is a well-known article, composed of chicory or chicory root, (which are commercially convertible terms,) beet root, olive oil, and syrup. It is manufactured in Germany by grinding these ingredients together, and, when imported, is in the form of rolls or cylindrical sticks, each of which is inclosed in a wrapper, upon which the following directions are printed: "Use one part of this preparation to two or three parts of coffee. Pour boiling water over the mixture. Let it draw five minutes, and strain." Chicory is about 68 per cent. of the weight, and about 44 per cent. of the value, of the compound article. It, like at least two other similar compounds made by other manufacturers, is used to some extent to flavor coffee, and more largely, both in Germany and in this country, to mix with coffee, or as a substitute for coffee, for purposes of economy. It is sold for about six cents per pound. Chicory is also used by dealers, as an adulterant, to mix with ground coffee, and by consumers to mix with, or as a substitute for, coffee. Seelig's coffee is not known commercially as "chicory." Upon the foregoing facts, this manufactured article of divers ingredients, which contains only 44 per cent., in value, of chicory, and is not known commercially as "chicory," cannot be properly classified as that article, if it also is enumerated under the provisions of another paragraph which aptly describes its use and the purpose for which it is manufactured. The article has a distinctive place of its own; it is not merely chicory presented under another and more attractive name, but it is a distinct compound, which possesses its own peculiarities. The classification which was specified in the protest was the proper one, and the decision of the circuit court is affirmed.